DEWEY, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Respondent.

(158 N. W. 408.)

(File No. 3656.   Opinion filed June 27, 1916.)

1.   Ejectment—Municipal Corporations—Adjacent City Street—Possession of Trolley Line—Rights of City, of Plaintiff, Lot Owner—Remedy in Damages.

In a suit by the owner of a lot in an incorporated city against an electric railway company, for possession of that portion of the street in front of said lot covered by the railroad tracks, held, that said street is in possession and control of the city, and plaintiff as owner and occupant of a lot abutting thereon cannot maintain an action for possession of any portion of such street, or eject any party therefrom lawfully occupying same with consent of the city; it appearing that said track was laid with the consent of the city authorities; that if plaintiff had any cause of action it was one solely for damages.

2.   Ejectment—Trolley Line in Front of City Lot—Right to Recover —Sufficiency of Evidence.

In a suit by an owner of a city lot against an electric railway company for possession of portion of a street in front of said lot occupied by the railroad tracks, it appearing that said tracks were laid with the consent of the city authorities, held,

that the evidence was sufficient to sustain the findings of the trial court in favor of defendant.

Polley, P. J., not sitting.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by Francis B. Dewey, against the Chicago, Burlington & Quincy Railroad Company, for possession of a portion of the street in front of plaintiff's lot. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*H. E. Dewey,* for Appellant.

*Kellar & Stanley,* for Respondent.

(1)  To point one of the opinion, Respondent submitted that: An action of ejectment under conditions which exist in this case cannot be maintained, because of the quasi public character of the property which is sought to be recovered by the plaintiff; and because the track and railroad was constructed and possession of the street taken by the defendant under an express grant of a public franchise by the City of Lead.

McCOY, J. [1, 2]   Plaintiff, by her complaint, alleged that she was the owner and in possession of a certain lot in the city of Lead, and of that portion of the street in front of said lot to the center of the street, subject to the public easment; that defendant is a corporation engaged in operating a railway in said city; that in December, 1912, defendant without right, license, authority, or permission of any kind, and without making compensation to plaintiff, laid its tracks on that portion of said street in front of plaintiff's said premises, and in such a manner as to completely cut off all access to plaintiff's said premises for vehicles of any kind; that defendant is in possession of said portion of said street, so the property of plaintiff, and withholds the same from plaintiff: Wherefore plaintiff demands judgment: (1) For the possession of said portion of said street so unlawfully withheld from her; (2) for $1,000 damages for the withholding of the same, besides costs. The defendant answered denying the allegations of the complaint, excepting as expressly admitted, and alleged that defendant did construct its tracks along and in front of plaintiff's said premises, by and with the express consent of plaintiff; that plaintiff acquiesced in the construction of said track and waived any pretended or claimed right she might then have

had to prevent the construction thereof, and but for such waiver and agreement defendant would not have laid said track as alleged in plaintiff's complaint; that by reason of such consent, waiver, and acquiescence, plaintiff is estopped to claim that the construction of said track was wrongful or in violation of plaintiff's right; that said tracks were constructed at great expense and are used by citizens of Lead in going to and from one part of the city to another; that Lead is a municipal corporation having full control of the streets of said city and by ordinance expressly consented to the construction of said electric trolley line for the use and benefit of the citizens of said city. The issues were tried to the court without a jury, and findings made to the effect that the allegations of the complaint were not true, and that the allegations of the answer were true, and judgment rendered in favor of defendant. The evidence was voluminous and conflicting in some particulars, and it will serve no useful purpose to reproduce the substance thereof in this decision.

We are of the view that the findings are justified and fully sustained by the evidence. We are also of the view that no evidence was offered sufficient to sustain findings or judgment in favor of plaintiff on any theory. The streets of a city are in the possession and control of the city, and a party owning and occupying a lot abutting on such street cannot maintain an action for possession of any portion of such street, or to eject any other party therefrom who occupies by lawful consent of the city. If plaintiff had any cause of action at all under the pleadings, it was one solely for damages. No evidence was offered by plaintiff under any proper measure of damages. No evidence was offered as to the value of plaintiff's premises immediately before and after the laying of said track. Many assignments of error are alleged, all of which have been carefully considered, and we are of the opinion that no prejudicial error is pointed out or shown to exist on the record.

Finding no error in the record, the judgment and order appealed from are affirmed.

POLLEY, P. J., not sitting.